UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD J. TESTA, JR., Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>Defendants. | **No. 07-CV-8320 (AKH)**<br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Richard J. Testa, Jr., ("plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, for his complaint alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.     Plaintiff, a securities broker, brings this class action on behalf of himself and all other persons similarly situated who suffered damages as a result of the violations of the Massachusetts labor laws and the federal Fair Labor Standards Act and other wrongful conduct and improper labor practices committed by defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch").

2.     Plaintiff seeks to bring this lawsuit as a class action pursuant to Fed.R.Civ.P. 23 and as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 207, *et seq.* Plaintiff seeks to represent securities brokers, also known as financial consultants (collectively, "Securities Brokers") and financial consultant trainees, also referred to as financial consultant

associates (collectively, "Trainees") who were employed by defendants on a commission basis and to whom defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law. The classes that plaintiff seeks to represent include (a) the "Massachusetts Class" that consists of all individuals, employed by defendants as Securities Brokers and Trainees in the Commonwealth of Massachusetts at any time since September 24, 2001 (the "Massachusetts Class Period"), and (b) the "Federal Class" that consists of all individuals who were employed by defendants as Securities Brokers and Trainees in the United States of America at any time since September 24, 2004 (the "Federal Class Period"). The term "Classes" shall include both the Massachusetts Class and the Federal Class.

3.      Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.* by failing to pay overtime to members of the Federal Class for all hours worked in excess of forty (40) hours in any given work week.

4.      Defendants breached the contractual rights of the members of the Massachusetts Class by failing to pay Massachusetts Class members overtime compensation in compliance with the FLSA and in compliance with the Massachusetts Minimum Fair Wage Law (the "Minimum Fair Wage Law"), M.G.L. ch. 151, §§ 1A and 1B, which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any given workweek.

5.      As a result of defendants' breaches of contract and violation of the FLSA and the Minimum Fair Wage Law, plaintiff and members of the Classes were illegally and grossly under-compensated for their work while employed by defendants.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted in this action pursuant to 28

U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act

of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

7.      Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because each of the

defendants is resident in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8.      During the Massachusetts Class Period and the Federal Class Period (the "Class

Periods"), Richard J. Testa, Jr., a resident of Middlesex County, Massachusetts, was employed

by defendant Merrill Lynch as a Securities Broker.  During his employment, plaintiff lived and

worked in Massachusetts.  Plaintiff began his employment with defendant Merrill Lynch in or

about October 1998 and plaintiff was thereafter employed as a Securities Broker by Merrill

Lynch until September 24, 2004.

9.      During the Class Periods, defendant Merrill Lynch was and still is a foreign

corporation with its principal place of business in the States of Delaware and New York, and

doing business as a NASD registered securities brokerage firm with offices located nation-wide.

Defendant Merrill Lynch has maintained an office at 45 Williams Street, Wellesley Hills,

Massachusetts, among other offices in Massachusetts, and has conducted business at those

locations.  Defendant Merrill Lynch employs over 400 Security Brokers and Trainees in the

Commonwealth of Massachusetts alone at any one time, and plaintiff estimates the Classes far

exceed that amount in total number of participants during the relevant Class Periods.

10.     Defendants, John Does 1-50, are fictitious names for individuals who may be

responsible for the wrongful conduct and labor practices that caused harm to the plaintiff, the

true names and capacities of which are unknown to plaintiff, but plaintiff will amend his Complaint when and if the true names of said defendants become known to them.

11.    Defendants, ABC Corporations 1-50, are fictitious names for companies, partnerships, joint ventures and/or corporations who may be responsible for the wrongful conduct and labor practices that caused harm to the plaintiff, the true names and capacities of which are unknown to plaintiff, but plaintiff will amend his Complaint when and if the true names of said defendants become known to him

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on behalf of himself and members of the Federal Class pursuant to the Fair Labor Standards Act, § 216(b), and on behalf of himself and the members of the Massachusetts Class pursuant to the Federal Rules of Civil Procedure, Rule 23.

13.    Plaintiff is informed and believes that there are over 500 members within each of the above described classes, and each class is so numerous that joinder of all members is impractical.

14.    There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over questions which may affect only individual members of each of the Classes, including the following:

a.    Whether defendants failed to adequately compensate the members of the Federal Class for overtime hours worked as required by the FLSA, 29 U.S.C. § 207 because plaintiff and members of the Federal Class are not exempt employees under the FLSA.

b.    Whether defendants breached the contractual rights of the members of the Massachusetts Class by failing to adequately compensate them for overtime hours worked as required by the FLSA and by the Massachusetts' Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B, because plaintiff and members of the Massachusetts Class are not exempt employees under the Minimum Fair Wage Law.

c.    Whether the members of the Classes have been damaged and, if so, the extent of such damages.

15.    Plaintiff asserts claims that are typical of the claims of each of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes and has no interest antagonistic to those of the other members of the Classes. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

16.    Plaintiff and other members of the Classes have suffered damages as a result of defendants' wrongful conduct. Because of the size of their claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy herein. Absent a class action, members of the Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of their wrongful and illegal conduct in breach of contract and in violation of FLSA § 207 and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

17.    Defendant Merrill Lynch sells securities and other financial products with offices nationwide.

18.    Plaintiff was an inside sales person whom defendant Merrill Lynch paid on a commission basis without any premium for overtime pay as required by law.

19.    Though Massachusetts and federal overtime law exempts from their overtime premium pay requirements certain "white collar" employees employed in a *bona fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount, neither plaintiff nor the members of the Classes were or are part of any group exempt from the overtime requirements of Massachusetts or Federal law.

20.    Moreover, neither plaintiff nor members of the Classes were or are outside salesmen as defined in the FLSA since they performed their sales functions at defendants' offices.

## FIRST CLAIM FOR RELIEF
### Restitution for Failure to Pay Overtime to the Federal Class
### (Violation of FLSA § 207 )

21.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

22.    Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

23.    Section 207(i) of the FLSA provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this section - mandate to compensate employees for overtime] by employing any employee at a **retail or service establishment** for a

> workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 U.S.C. § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

24.    The Section 207(i) exemption does not apply to members of the Federal Class herein because brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] … securities dealers." *Id.*

25.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive, administrative, or professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except than [*sic*] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

26.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable to plaintiff and members of the Federal Class because, as the courts have

held, securities brokers who work on commission, are not employed in a bona fide professional capacity.

27.    The professional exemption does not apply to plaintiff and to the members of the Federal Class because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

28.    In addition, for an occupation to be subject to the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Class hold advanced degrees in business, many do not, and a degree in business is a general degree rather than a degree related to work as a Securities Broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to be employed as a Securities Broker employee of defendants.

29.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither plaintiff nor the members of the Classes were, or are, outside salespersons.

30.    For purposes of the FLSA, the employment practices of defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

31.    Because plaintiff and other members of the Federal Class were employed at the defendants' places of business, the outside salesman exemption does not apply to them.

32.     There are no other exemptions applicable to plaintiff and/or to members of the Federal Class.

33.     As a result of defendants' failure to pay overtime, plaintiff and the members of the Federal Class were damaged in an amount to be proved at trial.

34.     In committing the wrongful acts alleged to be in violation of the FLSA, defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to plaintiff and members of the Federal Class.

35.     Plaintiff demands tha he and the members of the Federal Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week during the Federal Class Period, plus interest and attorneys' fees as provided by law.

## SECOND CLAIM FOR RELIEF
### Breach of Contract by Failure to Pay Overtime to Massachussets Class

36.     Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth in full.

37.     The conduct of plaintiff and defendants, including defendants' promises to pay plaintiff and members of the Massachusetts Class all amounts due to them in exchange for performance of the duties of their employment, including plaintiff's and members of the Massachusetts Class' performance as securities brokers/financial advisers, in compliance with state and/or federal law, constitutes a valid contract between the parties. The above referenced contract was supported by good and adequate consideration.

38.     Plaintiff fully performed all of the duties and obligations imposed on him under his contract with defendant Merrill Lynch, as did members of the Massachusetts Class.

39.    The Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1 ½) times the regular rate of pay for an employee.

40.    The FLSA and the Minimum Fair Wage Law both require the payment of overtime compensation at one and one half (1 ½) times the regular rate for all hours worked in excess of forty (40) hours per week.

41.    Both Massachusetts and Federal overtime law exempts from these overtime premium pay requirements certain "white collar" employees employed in a *bona fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

42.    Neither plaintiff nor members of the Massachusetts Class are part of any group exempt from the overtime requirements of Massachusetts law.

43.    Plaintiff and members of the Massachusetts Class regularly worked more than forty (40) hours per week, and received no overtime pay for hours worked in excess of forty (40) hours per week, and thereby suffered damages.

44.    The conduct of defendant Merrill Lynch, in failing to pay the plaintiff and members of the Massachusetts Class all of the overtime wages due to him and to members of the Massachusetts Class, constitutes a breach of the contract between the parties and caused plaintiff and members of the Massachusetts Class to suffer damages.

45.    Therefore, plaintiff demands that he and members of the Massachusetts Class be paid damages for breach of contract, in the amount of the unpaid overtime compensation required by the FLSA and the Minimum Fair Wage Law for every hour of overtime they

worked in any work week during the Massachusetts Class Period, plus interest and attorneys fees as provided by law.

### THIRD CLAIM FOR RELIEF
**Unjust Enrichment**

46.     Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth in full.

47.     Defendant Merrill Lynch has retained for itself the wages due and owing to the plaintiff and members of the Classes resulting from overtime hours worked.

48.     Defendants have wrongfully failed, neglected and refused to pay to plaintiff and members of the Classes all sums due to them as a result of which defendant Merrill Lynch has been unjustly enriched.

WHEREFORE, in accordance with all of the above claims in the First through Third Claims of this Complaint, inclusive, plaintiff demands judgment in his favor and in favor of the members of the Classes and against defendants, individually, jointly and severally, for:

A.      Compensatory damages and restitution for overtime compensation due plaintiff and the other members of the Federal Class, for the period of three years immediately prior to the filing of this Complaint to the date of judgment, in amounts to be proved at trial;

B.      Compensatory damages for defendants' breach of contract of plaintiff and the other members of the Massachusetts Class, for the period of six years immediately prior to the filing of this Complaint to the date of judgment, in amounts to be proved at trial;

C.      An order temporarily, preliminarily and permanently enjoining and restraining the defendants from engaging in similar unlawful conduct as set forth herein;

D.    An order requiring defendants to provide an accounting of all wages due to the plaintiff and members of the Classes;

E.    Declaratory relief including declarations setting forth the rights of plaintiff and the members of the Classes, as alleged in this Complaint and setting forth the defendants' violations of those rights;

F.    Interest on all claims set forth above;

G.    Reasonable attorneys fees and costs of suit; and

H.    For such other and further relief as the Court deems just and equitable.


Dated: September 24, 2007                     LOVELL STEWART HALEBIAN LLP


                                              John Halebian (JH-8005)
                                              Adam C. Mayes (AM-1101)
                                              500 Fifth Avenue
                                              New York, NY 10110
                                              Tel:    (212) 608-1900
                                              Fax:    (212) 719-4775

                                              Attorneys for Plaintiff and
                                              Plaintiff Class Members

## CONSENT TO SUE

**Re:**    **Merrill Lynch Broker Overtime Litigation**

In accordance with Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b),

I hereby give my consent in writing to become a party plaintiff in the above action and authorize

the filing of this consent form in the United States District Court for the District of Southern

New York.

Dated: 7/27/07    Signed: _____

Print or Type Name: RICHARD J TESTA JR

Address: 29 BARNEY HILL RD

WAYLAND, MA 01778

Telephone: 508 - 561 - 1260

E-mail (optional): RJTESTAJR @ COMCAST.NET

**Mail to:**

John Halebian, Esq.
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY 10110