UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD J. TESTA, JR., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>- against –<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>Defendants. | Civil Action No. 07 CV 8320 (AKH)<br><br><br>**ANSWER OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** |

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), hereby submits its Answer to Plaintiff's Class Action Complaint dated September 24, 2007, (the "Complaint"), as follows:

1. With respect to the allegations of paragraph 1, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

2. With respect to the allegations of paragraph 2, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies these allegations and denies that this matter may properly proceed as a class and/or collective action. Further responding, Merrill Lynch states that the phrases "securities brokers," "financial consultants," "Securities Brokers," "financial consultant trainees," "financial consultant associates," "Trainees," "on a commission basis," "Massachusetts Class," "Massachusetts Class Period,"

"Federal Class," "Federal Class Period" and "Classes" are vague and ambiguous and, on that additional ground, denies those allegations.

3. With respect to the allegations of paragraph 3, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Federal Class" is vague and ambiguous and, on that additional ground, denies those allegations.

4. With respect to the allegations of paragraph 4, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Massachusetts Class" is vague and ambiguous and, on that additional ground, denies those allegations.

5. With respect to the allegations of paragraph 5, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the term "Classes" is vague and ambiguous and, on that additional ground, denies those allegations.

6. With respect to the allegations of paragraph 6, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

7. With respect to the allegations of paragraph 7, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch admits that it has offices located in this District and states that it is without information sufficient to form a belief as to

the truth of the allegation that a substantial part of the events or omissions giving rise to the claim occurred in this District and, on that basis, denies that allegation.

8. With respect to the allegations of paragraph 8, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required, except admits that Plaintiff was employed by Merrill Lynch as a Financial Advisor in Massachusetts at some point during the six years prior to the filing of the complaint. Further responding, Merrill Lynch states that it is without information sufficient to form a belief as to the truth of the allegation that Plaintiff lived in Middlesex County, Massachusetts, during his employment at Merrill Lynch and, on that basis, denies that allegation. Merrill Lynch also states that the phrases "Massachusetts Class Period," "Federal Class Period," "Class Periods" and "Securities Broker" are vague and ambiguous and, on that additional ground, denies those allegations.

9. With respect to the allegations of paragraph 9, states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies the allegations of paragraph 11 except admits that it is a Delaware corporation; that its headquarters is in New York State; that it does business as a NASD registered member firm with offices nationwide; that it maintains offices in Massachusetts, including an office in Wellesley Hills, and conducts business in those locations; and that it employed over 400 Financial Advisors and Financial Advisor Trainees in Massachusetts during each of the six years prior to the filing of the complaint. Further responding, Merrill Lynch denies that this matter may appropriately proceed as a class and/or collective action and states that the phrases "Class Periods," "far

exceed," "Security Brokers," "Trainees" and "Classes" as used in this paragraph are vague and ambiguous, and, on that basis, denies those allegations.

10. With respect to the allegations of paragraph 10, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

11. With respect to the allegations of paragraph 11, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

12. With respect to the allegations of paragraph 12, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, and Merrill Lynch specifically denies that Plaintiff may properly pursue this matter as a collective action pursuant to the Fair Labor Standards Act, § 216(b), or as a class action pursuant to Federal Rule of Civil Procedure 23. Further responding, Merrill Lynch states that the phrases "Federal Class" and "Massachusetts Class" are vague and ambiguous and, on that additional ground, denies those allegations.

13. With respect to the allegations of paragraph 13, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies these allegations, except it admits that it employed over 500 individuals as Financial Advisors in Massachusetts during the six years prior to the filing of the complaint and employed over 500 individuals as Financial Advisors in the United States during the three years prior to the filing of the complaint.

14. With respect to the allegations of paragraph 14 and all of its subparts, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrases "Classes," "Federal Class" and "Massachusetts Class" are vague and ambiguous and, on that additional ground, denies those allegations.

15. With respect to the allegations of paragraph 15, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the term "Classes" is vague and ambiguous and, on that additional ground, denies those allegations.

16. With respect to the allegations of paragraph 16, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the term "Classes" is vague and ambiguous and, on that additional ground, denies those allegations.

17. With respect to the allegations of paragraph 17, denies the allegations except admits that Merrill Lynch has Global Private Client offices nationwide that provide services that include, but are not limited to, making recommendations to clients regarding the purchase and sale of securities and other financial products.

18. With respect to the allegations of paragraph 21, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except

Merrill Lynch admits that Plaintiff was an exempt employees who was not entitled to receive premium overtime compensation.

19. Denies the allegations of paragraph 19. Further responding, Merrill Lynch states that the term "Classes" is vague and ambiguous and, on that additional ground, denies those allegations.

20. With respect to the allegations of paragraph 20, to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies these allegations except admits that its Financial Advisors are not outside salesmen as defined under the FLSA. Further responding, Merrill Lynch states that the term "Classes" as used in this paragraph is vague and ambiguous and, on that basis, denies those allegations.

21. With respect to paragraph 21, repeats and realleges the applicable responses contained herein.

22. With respect to the allegations of paragraph 22, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

23. With respect to the allegations of paragraph 23, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

24. With respect to the allegations of paragraph 24, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Federal Class" as used in this paragraph is vague and ambiguous and, on that basis, denies those allegations.

25. With respect to the allegations of paragraph 25, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

26. With respect to the allegations of paragraph 26, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Federal Class" as used in this paragraph is vague and ambiguous and, on that basis, denies those allegations.

27. With respect to the allegations of paragraph 27, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Federal Class" as used in this paragraph is vague and ambiguous and, on that basis, denies those allegations.

28. With respect to the allegations of paragraph 28, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, Merrill Lynch states that the terms "Federal Class," "degree[s] in business," "general degree" and "Securities Broker" as used in this paragraph are vague and ambiguous, and on that basis, denies these allegations.

29. With respect to the allegations of paragraph 29, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that its Financial Advisors are not outside salespersons as defined under the FLSA. Further responding, Merrill Lynch states that the term "Classes" as used in this paragraph is vague and ambiguous and, on that basis, denies those allegations.

30. Merrill Lynch denies the allegations of paragraph 30.

31. With respect to the allegations of paragraph 31, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, Merrill Lynch states that the phrase "Federal Class" as used in this paragraph is vague and ambiguous and, on that basis, denies these allegations. Further responding, Merrill Lynch states that the outside salesman exemption does not apply to its Financial Advisors.

32. With respect to the allegations of paragraph 32, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, Merrill Lynch states that the phrase "Federal Class" and "no other exemptions" as used in this paragraph are vague and ambiguous and, on that basis, denies these allegations.

33. With respect to the allegations of paragraph 33, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied.

34. With respect to the allegations of paragraph 34, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Federal Class" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

35. Denies that Plaintiff and the members of the alleged Federal Class are entitled to the relief claimed in paragraph 35, and states that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is

required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrases "Federal Class" and "Federal Class Period" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

36. With respect to paragraph 36, repeats and realleges the applicable responses contained herein.

37. With respect to the allegations of paragraph 37, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch states that the phrases "conduct," "Massachusetts Class," "duties," "securities brokers/financial advisers" and "good and adequate consideration" as used in this paragraph are vague and ambiguous and, on that basis, denies these allegations.

38. With respect to the allegations of paragraph 38, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Massachusetts Class" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

39. With respect to the allegations of paragraph 39, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

40. With respect to the allegations of paragraph 40, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

41. With respect to the allegations of paragraph 41, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

42. Denies the allegations of paragraph 42. Further responding, Merrill Lynch states that the phrase "Massachusetts Class" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

43. With respect to the allegations of paragraph 43, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that its Financial Advisors, including Plaintiff, were and are exempt employees who are not entitled to receive premium overtime compensation. Further responding, Merrill Lynch states that the phrase "Massachusetts Class" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

44. With respect to the allegations of paragraph 44, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

45. Denies that Plaintiff and the members of the alleged Massachusetts Class are entitled to the relief claimed in paragraph 45, and states that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrases "Massachusetts Class" and "Massachusetts Class Period" as used in this paragraph are vague and ambiguous and, on that additional basis, denies those allegations.

46. With respect to paragraph 46, repeats and realleges the applicable responses contained herein.

47. With respect to the allegations of paragraph 47, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, Merrill Lynch denies these allegations and states that that its Financial Advisors, including Plaintiff, were and are exempt employees who are not entitled to receive premium overtime compensation. Further responding, Merrill Lynch states that the term "Classes" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

48. With respect to the allegations of paragraph 48, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the term "Classes" as used in this paragraph is vague and ambiguous and, on that additional basis, denies those allegations.

49. Denies that Plaintiff and the alleged Classes are entitled to the relief claimed in the Prayer for Relief, and states that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrases "Classes," "Federal Class" and "Massachusetts Class" as used in this paragraph are vague and ambiguous and, on that additional basis, denies those allegations.

## **AFFIRMATIVE DEFENSES**

Merrill Lynch asserts the following separate and independent affirmative defenses:

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

50. Each cause of action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

51. Each cause of action in the Complaint is barred, in whole or in part, by the relevant statute of limitations, including but not limited to 29 U.S.C. § 255(a), M.G.L. ch. 151, § 20A, M.G.L. ch. 260, § 2 and/or M.G.L. ch. 260, § 2A.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

52. Each cause of action in the Complaint is barred, in whole or in part, because at all relevant times Plaintiff and others allegedly similarly situated were exempt from entitlement to overtime compensation under the exemptions set forth in sections 7 and 13 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., respectively, and the Massachusetts Minimum Fair Wage Law, including, but not limited to, the exemptions for employees working in a "retail or service establishment," "bona fide administrative capacity," "bona fide executive capacity" and/or "bona fide professional capacity."

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

53. Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs allege that their job duties and the duties of others allegedly similarly situated were primarily non-exempt in nature, the duties that Merrill Lynch required and reasonably expected Plaintiff and others allegedly similarly situated to perform were primarily exempt in nature.

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

54.     Each cause of action in the Complaint is barred, in whole or in part, by the unavailability of the damages requested, including without limitation, the unavailability of damages and/or attorney fees.  Specifically, and among other things, claims for liquidated damages under the FLSA are precluded by the "good faith" defense set forth in 29 U.S.C. § 260 and 29 C.F.R. § 790.22(b).

### AS AND FOR A
### SIXTH AFFIRMATIVE DEFENSE

55.     Each cause of action is barred, in whole or in part, because to the extent Merrill Lynch engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Massachusetts State or Federal law.

### AS AND FOR A
### SEVENTH AFFIRMATIVE DEFENSE

56.     Each cause of action is barred, in whole or in part, because some or all of the time for which Plaintiff and others allegedly similarly situated seek overtime compensation is not compensable working time under Massachusetts State or Federal law.

### AS AND FOR AN
### EIGHTH AFFIRMATIVE DEFENSE

57.     Each cause of action is barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Merrill Lynch.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

58. Each cause of action is barred, in whole or in part, because if Plaintiff and others allegedly similarly situated were damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to their own conduct.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

59. Each cause of action is barred, in whole or in part, because to the extent that Plaintiff and others allegedly similarly situated engaged in dishonest, willful or grossly negligent misconduct, Merrill Lynch was entitled to set off any losses due to such conduct against their wages or other compensation.

## AS AND FOR AN
## ELEVENTH AFFIRMATIVE DEFENSE

60. Each cause of action is barred, in whole or in part, because Plaintiff lacks standing to pursue the claim.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

61. Each cause of action is barred, in whole or in part, because to the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Merrill Lynch, such additional compensation would satisfy in whole or part any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

62. Each cause of action is barred, in whole or in part, because upon information and belief, Merrill Lynch alleges that Plaintiff and others allegedly similarly

situated are barred and precluded from any relief on their Complaint because they have failed and refused to mitigate their damages, if any.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

63. Each cause of action is barred, in whole or in part, because Plaintiff's claims are subject to mandatory arbitration. Specifically, Plaintiff has executed an agreement to arbitrate any claims arising from his employment, and the claims pled fall within this description.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

64. Each cause of action is barred, in whole or in part, because Plaintiff cannot establish that any of his claims are appropriate to proceed on a class, representative and/or collective action basis.

## AS AND FOR A
## SIXTEENTH AFFIRMATIVE DEFENSE

65. Each cause of action is barred, in whole or in part, because Plaintiff's claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS AND FOR A
## SEVENTEENTH AFFIRMATIVE DEFENSE

66. Each cause of action is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## AS AND FOR AN
## EIGHTEENTH AFFIRMATIVE DEFENSE

67. Each cause of action is barred, in whole or in part, because the FLSA is the exclusive remedy for Plaintiff's overtime claims under federal law.

## AS AND FOR AN
## NINETEENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claim for unjust enrichment is barred, in whole or in part, because he has an adequate remedy at law.

## AS AND FOR AN
## TWENTIETH AFFIRMATIVE DEFENSE

69. Plaintiff's non-statutory claims are barred, in whole or in part, because Plaintiff cannot recover for both breach of contract and unjust enrichment.

Merrill Lynch states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Merrill Lynch reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Merrill Lynch respectfully requests that judgment be entered:

1. Dismissing the Complaint with prejudice;

2. Granting Merrill Lynch its costs and attorneys fees incurred herein pursuant to relevant statutes; and

3. Granting Merrill Lynch such other and further relief as the Court may deem just and proper.

Dated: November 29, 2007
    New York, New York

> By: __/s/ Lisa R. Norman__
> A. Michael Weber (AW-8760)
> Lisa R. Norman (LN-9725)
> LITTLER MENDELSON
> A Professional Corporation
> 885 Third Avenue, 16th Floor
> New York, NY 10022.4834
> (212) 583-9600

Terry E. Sanchez
(Cal. State Bar No. 101318, *application for admission pro hac vice to follow*)
Katherine M. Forster
(Cal. State Bar No. 217609, *application for admission pro hac vice to follow*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
(213) 683-9100

Malcolm A. Heinicke
(Cal. State Bar No. 194174, *application for admission pro hac vice to follow*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
(415) 512-4000

Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated